Antoinette **RICHARDSON**, Appellant,

v.

**NATIONWIDE MUTUAL INSURANCE COMPANY, Appellee.**

No. 01–SP–1451.

District of Columbia Court of Appeals.

Sept. 29, 2003.

Before WAGNER, Chief Judge; TERRY, STEADMAN, SCHWELB, FARRELL, RUIZ, REID, GLICKMAN, and WASHINGTON, Associate Judges.

## ORDER

PER CURIAM:

On consideration of appellee's petition for rehearing en banc, appellant's response thereto, motion of Complex Insurance Claims Litigation Association for leave to appear as amicus curiae and to file the lodged brief in support of petition, and the brief of Commissioner of the District of Columbia Department of Insurance and Securities Regulation as amicus curiae in response to petition, it is

ORDERED that the motion of Complex Insurance Claims Litigation Association for leave to appear as amicus curiae in support of petition is granted and the Clerk is directed to file the lodged brief; and it appearing that the majority of the judges of this court has voted to grant the petition for rehearing en banc, it is

FURTHER ORDERED that the petition for rehearing en banc is granted and this court's Answer to Certified Question of Law, contained in the opinion of the court filed June 12, 2003, is hereby vacated.[1] It is

FURTHER ORDERED that the Clerk shall schedule this matter for argument before the court sitting en banc as soon as the calendar permits. It is

FURTHER ORDERED that the parties shall simultaneously file new briefs within 30 days from the date of this order and any responsive briefs, to be limited to 15 pages, within 20 days thereafter. Each party shall file ten copies of its briefs. These new briefs shall be specifically designed for consideration by and addressed to the en banc court and shall supersede all briefs previously filed in this appeal. The briefs of the parties should not simply reiterate the arguments that the parties have made in their briefs so far, but should address specifically the points made by the division majority and dissenting opinions. Among other things, the briefs should discuss the following issues:

1. In this jurisdiction, to what extent do—or should—objective principles of contract interpretation govern the determination of coverage under an insurance policy contract?

2. In interpreting the pollution exclusion in this case, may either or both of the following be considered a reliable part of the circumstances surrounding the parties at the time the exclusion was adopted, see *1010 Potomac Assocs. v. Grocery Mfrs. of Am., Inc.*, 485 A.2d 199, 205 (D.C.1984):

   a. the language of contemporary environmental legislation and regulations; and

   b. the historical circumstances that preceded and allegedly led to the adoption of the exclusion.

---

1. While the Answer to the Certified Question of Law is being vacated and the case is being reheard en banc, the division opinions are not vacated.